IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ALEX PERRY NEAL, #195743 | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23cv25 |
| | § | |
| FIFTH COURT OF APPEALS | § | |
| *Defendant* | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On March 6, 2023, the Court advised Plaintiff that his case will be dismissed if he fails to submit a certified copy of his inmate trust account reflecting his financial activities for the previous six months. (Dkt. #14). The Court has given Plaintiff numerous opportunities to comply. *See* Dkt. ## 7, 11, 14. As of this date, Plaintiff has not provided the required certified copy of his inmate trust account reflecting financial activities for the previous six months. The Court has warned Plaintiff that failure to comply may result in the dismissal of this case.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021); FED. R. CIV. P. 41(b). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court, and appellate review is confined solely to whether the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617

F.2d 1164, 1167 (5th Cir. 1980). In the present case, Plaintiff has failed to comply with the Court's Orders to either pay the $402.00 filing fee or submit the required inmate trust information; thus, the present case should be dismissed for failure to prosecute. *See Wildhaber v. United States*, No. 3:19-CV-2045-K (BH), 2020 WL 2544021, at *1 (N.D. Tex. Apr. 20, 2020) ("Because [plaintiff] failed to comply with the orders that he pay the filing fee or file an IFP application with a certificate of inmate trust account, and has not otherwise responded to it, this case should be dismissed for failure to prosecute or follow an order of the court."), *report and recommendation adopted*, No. 3:19-CV-2045-K, 2020 WL 2542735 (N.D. Tex. May 19, 2020); *Jeffery v. Davis*, No. 3:20-CV-164-C (BH), 2020 WL 2363458, at *1 (N.D. Tex. Apr. 20, 2020) ("This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court[.]"), *report and recommendation adopted*, No. 3:20-CV-164-C-BH, 2020 WL 2343157 (N.D. Tex. May 11, 2020).[1] In sum, Plaintiff has been given three opportunities to comply with the Court's Orders to either pay the $402.00 filing fee or submit the required documentation to proceed IFP, but has failed to do so. It is solely Plaintiff's responsibility to pay the required fee and submit the necessary documentation, and Plaintiff has failed to comply with the Court's Orders (Dkt. ## 7, 11, 14.) ). Accordingly, the case should be dismissed for failure to prosecute. *See* FED. R. CIV. P. 41(b).

---

[1] Dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction that should be employed only when the plaintiff's conduct has threatened the integrity of the judicial process in such a way that leaves the court no choice but to deny the plaintiff benefits. *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures prior to dismissing a case with prejudice. *Id.* at 793. In the present case, Plaintiff has failed to comply with the Court's Orders to either pay the filing fe or submit a complete application to proceed *in forma pauperis*. Plaintiff has failed to act according to the Court's Orders. However, Plaintiff.s intentions and actions do not threaten the judicial process, and a dismissal with prejudice is inappropriate.

**CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court recommends that this case be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b). *See* FED. R. CIV. P. 41(b).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 29th day of March, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE